**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EXXON MOBIL CORPORATION, et al., <br><br> Petitioners, <br><br> vs. <br><br> MORGAN STANLEY and GRAYSTONE CONSULTING, <br><br> Respondents. | Civil Action No. 1:19-mc-140 <br><br> ECF CASE |

**PETITIONERS EXXON MOBIL CORPORATION, ET AL.'S MEMORANDUM**
**IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF MORGAN STANLEY**

Petitioners Exxon Mobil Corporation ("ExxonMobil"), Rex. W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal file this Memorandum in Support of Motion to Compel Deposition of Morgan Stanley, and would respectfully show the Court as follows:

## I. INTRODUCTION

Last November, Petitioners served subpoenas seeking documents and testimony from Morgan Stanley. Morgan Stanley's business unit, Graystone Consulting, provided investment advisory services for the Greater Pennsylvania Carpenters Pension Fund ("Lead Plaintiff"), which is the lead plaintiff in a putative class action against Petitioners pending in the Northern District of Texas, styled *Pedro Ramirez, Jr., Individually and on Behalf of All Others Similarly Situated v. Exxon Mobil Corporation, et al.,* Cause No. 3:16-cv-03111-K in the United States District Court, Northern District of Texas, Dallas Division.

Petitioners have on multiple occasions accommodated requests by Morgan Stanley for extensions of time and clarifications of the document requests, with the goal of ensuring that the subpoenas are minimally burdensome. Morgan Stanley has produced some (but not all) responsive

documents in its possession, and now, after repeated delays, has stonewalled Petitioners. Under the scheduling order entered by the Court in the Northern District of Texas, the deadline for discovery on class certification issues closes soon; accordingly, Petitioners must respectfully seek relief from this Court. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

## II. FACTS & BACKGROUND

The underlying case is a federal securities class action pending in the Northern District of Texas. Lead Plaintiff has sued ExxonMobil and a number of current and former ExxonMobil executives (the "Individual Defendants") for violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5. Lead Plaintiff has also sued the Individual Defendants for violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

In its responses to discovery, Lead Plaintiff identified "Graystone Consulting" as an entity with knowledge of facts relevant to the case. Graystone Consulting is a business unit of Morgan Stanley, and in an abundance of caution, Petitioners subpoenaed both Morgan Stanley and Graystone Consulting, to ensure the timely production of relevant information.[1] The deadline to respond to the subpoena duces tecum was December 11, 2018. The subpoena ad testificandum set a deposition date of December 21, 2018. Morgan Stanley did not serve objections or responses to either subpoena within the time specified for compliance.

After the deadlines in the subpoena had passed without response from Morgan Stanley, Petitioners reached out to Morgan Stanley to seek voluntary compliance with the subpoenas. That process has been a long one:

- **On January 4,** Christine Kendrick, an Executive Director of Legal and Compliance, and Brian Gillett, counsel for Tillerson, had a telephone conference in

---

[1] *See* Declaration of Brian M. Gillett ("Decl.") at 001–148.

which Morgan Stanley requested an extension of the time to respond and limitations on the production of documents. Petitioners agreed to the request.[2]

- **On January 23,** Morgan Stanley had not produced documents as agreed, and Petitioners inquired about the status of the production. Morgan Stanley requested another extension to produce documents other than emails on January 25, and promised an update on the emails on January 28.[3]

- **On January 25,** Morgan Stanley made a production of 185 pages of responsive documents.[4]

- **On January 28,** Petitioners pointed out the significant deficiencies in Morgan Stanley's production, and asked when Morgan Stanley would supplement. Morgan Stanley did not respond.[5]

- **On February 5,** Petitioners followed up on those deficiencies, and asked when Morgan Stanley would complete its production.[6]

- **On February 12,** Morgan Stanley responded and explained that search results had triggered false positives, which would extend the time for review. Later the same day, Morgan Stanley made an additional production of responsive documents, then immediately snapped them back due to confidentiality misdesignations. Also later that day, Morgan Stanley made a production of 425 pages of documents, each marked "Highly Confidential."[7]

- **On March 1,** Petitioners inquired when Morgan Stanley would supplement its production with responsive emails and also requested March 2019 dates for a deposition, in order to complete the deposition by the time specified by the scheduling order entered by the Court in the Northern District of Texas.[8]

- **On March 7,** Petitioners followed up on potential deposition dates a second time.[9]

- **On March 11,** Petitioners left a voicemail, asking a third time for potential deposition dates.

- **On March 12,** Morgan Stanley returned Petitioners' voicemail, but indicated that Morgan Stanley would not produce its witness in the month of March.

---

[2] Decl. at 155.
[3] Decl. at 153–54.
[4] Decl. at 153.
[5] Decl. at 152–53.
[6] Decl. at 147.
[7] Decl. at 158.
[8] Decl. at 151.
[9] Decl. at 150.

- **On March 19,** Petitioners left an additional voicemail and email, asking for the availability of Morgan Stanley's witness in early April, to avoid unilaterally noticing the deposition.[10] Morgan Stanley did not acknowledge or respond to either request.

The schedule in the underlying case requires class certification depositions to be completed by March 29, 2019, except for those that are the subject of a pending motion to compel or motion for protection on that date. *See* Doc. 71 ¶ 4, No. 3:16-CV-03111-K (N.D. TX Dec. 14, 2018). This motion to compel is therefore necessary to preserve Petitioners' right to use the deposition of Morgan Stanley during class certification.[11]

### III. ARGUMENT & AUTHORITIES

The Court should order Morgan Stanley to produce the remaining responsive documents in its possession and to appear for a deposition.[12] When a party fails to comply with a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Here, because the subpoenas required compliance at a law office in Manhattan, the compliance court is the Southern District of New York. *See JMC Rest. Holdings, LLC v. Pevida*, 2015 U.S. Dist. LEXIS 62374, at *5–6 (E.D.N.Y. May 12, 2015).

The documentary and testimonial information sought by the subpoenas is relevant. Morgan Stanley has at no time claimed otherwise, and it has in fact produced relevant documents in

---

[10] Decl. at 150.

[11] Although the text of Federal Rule of Civil Procedure does not require parties to meet and confer, to the extent there is such a requirement, Petitioner has more than exceeded it in repeated discussion with Morgan Stanley. *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props.*, 2017 U.S. Dist. LEXIS 151116, at *6, n.2 (S.D.N.Y. Sep. 18, 2017).

[12] Petitioners have previously asked Morgan Stanley to suggest a time and location for the deposition that would be convenient for its witness and counsel, but received no response. Accordingly, Petitioners served a notice of deposition for April 8, 2019, beginning at 10:00 am, at the New York office of McCusker, Anselmi, Rosen & Carvelli P.C. That notice is attached as Exhibit C to the Declaration of Brian M. Gillett. Decl. at 165–67.

response to the subpoenas duces tecum, while indicating that it possessed additional responsive documents that it had not yet produced. *See Krys v. Sugrue (In re Refco Secs. Litig.)*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)."); Fed. R. Civ. P. 26(b)(1) (providing that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

Here, Lead Plaintiff alleges violations of federal securities laws. The testimony and documents sought by the subpoena are necessary for Petitioners to investigate issues related to Morgan Stanley's investment strategy for Lead Plaintiff, selection of investment managers, implementation of investment strategy, and monitoring of the performance of its portfolio and the performance of its investment managers. The information is also necessary to understand the scope of the knowledge of ExxonMobil's business and accounting practices that Lead Plaintiff had, directly or through its investment managers. This information is relevant to a host of concerns related to Lead Plaintiff's adequacy as it seeks to represent a class of investors in ExxonMobil securities. *See generally Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 U.S. Dist. LEXIS 99151, at \*24 (S.D.N.Y. June 12, 2018) (holding that requests related to investor knowledge and strategy were relevant to multiple inquiries).

Morgan Stanley has waived any objections, whether to burden, relevance, or otherwise, by failing to respond or object before the deadlines for compliance in December 2018 and failing again to respond or object before the extension to January 22, 2019. *See* Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). As explained in *Homeward Residential, Inc. v. Sand Canyon Corp.*, "the failure to serve written objections to a subpoena within the time specified by [Rule 45]

typically constitutes a waiver of such objections." No. 12-CV-5067 (JFK) (JLC), 2017 U.S. Dist. LEXIS 171685, at *49 (S.D.N.Y. Oct. 17, 2017). This case is no exception.[13]

## IV. CONCLUSION & PRAYER

For the reasons foregoing, Petitioners pray that the Court grant this Motion to Compel Deposition and grant such other and further relief, legal and equitable, including but not limited to an award of attorney's fees, to which Petitioners show themselves entitled.

Respectfully submitted:

*/s/ John B. McCusker*
McCUSKER, ANSELMI,
ROSEN & CARVELLI, P.C.
805 Third Avenue, 12th Floor
New York, New York, 10022
*Attorneys for Petitioners*

Dated: March 22, 2019

---

[13] Because the subpoenas request relevant information, and because Morgan Stanley has not objected to those subpoenas, it is without excuse for its extensive delay in producing documents. This Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "[I]f a nonparty is declared in contempt on the basis of its failure to comply [a] subpoena," the serving party may seek reimbursement of its attorneys' fees. *Bulkmatic Transp. Co. v. Pappas*, 99 Civ. 12070 (RMB)(JCF), 2001 U.S. Dist. LEXIS 6062, at *10 (S.D.N.Y. May 11, 2001).